EHRLICH, Justice,
concurring in part and dissenting in part.
I concur with the Court’s judgment of guilt but dissent as to the discipline imposed.
The Court’s opinion recites that “the record reflects that Farver intentionally deprived his law firm of fees paid to him by the firm’s clients.” This is a polite euphemistic way of saying that he stole or misappropriated fees that rightly belonged to the law firm by whom he was employed. The Court approves the referee’s recommended suspension of one year.
Neither party sought review of the referee’s findings of fact. The bar urges us to suspend respondent for two years. Respondent asks that his suspension be sixty days.
When this matter came to us initially, respondent had entered a conditional plea of guilt calling for a sixty day suspension and the bar had agreed to this. Apparently the bar had either not developed the facts fully or had woefully misjudged the gravity of respondent’s offense. Either scenario is difficult for me to accept considering the bar’s responsibility in disciplinary matters.
After being arrested and charged with grand theft, respondent agreed to and made restitution in the amount of $6,671. The referee did not find any matters in mitigation, except that respondent had no previous disciplinary history.
I am of the opinion that the two year suspension urged by the bar is the bare minimum that should be imposed in this case. I have previously set forth my views in the matter of theft by a partner from his firm in The Florida Bar v. Gillin, 484 So.2d 1218 (Fla.1986), and by an associate from his employer firm in The Florida Bar v. Stalnaker, 485 So.2d 815 (Fla.1986).
Suffice it to say that absent extenuating circumstances there should be no place in The Florida Bar for lawyers who steal from whomsoever.